UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KENNY GORIS,

                Plaintiff,

      -v-                                  25 Civ. 1532 (JPC)

DELOITTE,                                     <u>ORDER</u>

                Defendant.
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      The parties' proposed Civil Case Management Plan states, in part, that the parties jointly request a stay of discovery until resolution of Defendant's anticipated motion to dismiss the Amended Complaint. Dkt. 20 ¶ 17; *see* Dkt. 19 (setting July 2, 2025, as the deadline for Defendant's motion). The Court construes this as a joint motion to stay discovery.

      "A motion to dismiss does not automatically stay discovery, and discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Khan v. New York City*, No. 24 Civ. 2168 (JAM), 2024 WL 4814236, at *4 (E.D.N.Y. Nov. 18, 2024) (internal quotation marks omitted). Rather, "upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c)." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (internal quotation marks omitted).

      "A court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case," and in evaluating whether to stay discovery pending the disposition of a motion to dismiss, "courts typically consider: (1) whether the [d]efendants ha[ve] made a strong showing that the plaintiff's claim is unmeritorious; (2) the

breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Sharma v. Open Door NY Home Care Servs., Inc.*, 345 F.R.D. 565, 568 (E.D.N.Y. 2024) (internal quotation marks omitted).

After weighing these factors, the Court concludes that good cause exists to stay discovery in this case. Without purporting to pass on the merits of the forthcoming motion to dismiss, Defendant will challenge whether Plaintiff's Amended Complaint states a claim for discrimination and disposition of that question in the first instance would avoid any prejudice from subjecting Defendant to discovery in the interim. As Plaintiff has joined the motion to stay discovery, the Court sees no resulting prejudice to him. Accordingly, discovery in this matter is stayed pursuant to Federal Rule of Civil Procedure 26(c) pending the Court's ruling on Defendant's motion to dismiss.

SO ORDERED.

Dated: June 9, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge